CARNES and PRYOR, Circuit Judges,
concurring in the denial of rehearing en banc:
We write to clarify one issue. The dissent contends that the panel placed too heavy a burden on Underwood to establish a prima facie case under the McDonnell Douglas framework, and ignored the “strong evidence of discriminatory motive by Perry County.” The dissent then addresses evidence presented by Underwood to the district court, but not mentioned in her arguments to this Court, which the dissent contends established an inference of discrimination.
Underwood attempted to prove discrimination in hiring through circumstantial evidence and relied upon “the now-familiar framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).” Combs v. Plantation Patterns, 106 F.3d 1519, 1527 (11th Cir.1997). Under that framework, Underwood had to establish a prima facie ease of discrimination, which creates a rebuttable presumption that the employer acted illegally. See id. at 1527-28 (citations omitted). It is well-settled that “[t]he prima facie case method established in McDonnell Douglas was ‘never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.’ ” U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) (quoting Fumco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)).
Nothing in the panel opinion suggested that Underwood was confined to proving intentional discrimination through a rigid McDonnell Douglas framework. Underwood confined her argument to this Court to that framework. In her written and oral arguments, Underwood did not even mention the affidavit of Wright, which the dissent now contends allowed an inference of intentional discrimination. This Court addressed the argument Underwood made, not the argument she might have made.
Although Underwood did not bring the affidavit to our attention, the Court thoroughly and independently reviewed the record on appeal, including the affidavit of Wright in the context of the argument of Underwood. The Court considered Wright as a potential comparator, see Underwood v. Perry County Comm’n, 431 F.3d 788, 795 (11th Cir.2005), even though the contested employment application would have excluded Wright as a person hired instead of Underwood. This consideration did not resolve the ultimate prob *1260 lem for Underwood under the McDonnell Douglas framework: that three males and two females were hired near the time of Underwood’s two applications for employment. See id.